**FILED**

JAN - 8 2010

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

G2 PRODUCTIONS, LLC,      )
                               )
     **Plaintiff,**           )
                               )
**v.**                              )
                               )
**DOES 1 - 83**          )
                               )
     **Defendants.**        )
———————————————————————)

Case: 1:10-cv-00041
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 1/8/2010
Description: General Civil

### COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by its attorneys, for its complaint against Defendants, allege:

### JURISDICTION AND VENUE

1.   This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 US.C. § 101 *et seq.*).

2.   This Court has jurisdiction under 17 US.C. §101 *et seq.;* 28 US.C. § 1331 (federal question); and 28 US.C. § 1338(a) (copyright).

3.   The manner of the illegal transfer of Plaintiff's motion picture, *"Uncross the Stars"*, among the P2P network users is called a "BitTorrent protocol" or "torrent" which is different than the standard P2P protocol used for such networks as Kazaa and Limewire. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. The initial file-provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") on the network connect to the seed file to download. As yet additional peers request the same file each additional user becomes a part of the network from where the file can be downloaded. However, unlike a

traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm". The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

4.   This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is *simultaneously* stealing copyrighted material from many ISPs in numerous jurisdictions around the country.

5.   Venue in this District is proper under 28 US.C. § 1391(b) and/or 28 US.C. §1400(a). Although the true identity of each Defendant is unknown to Plaintiff at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff exclusive rights owner, distributed and offered to distribute over the Internet a copyrighted work for which Plaintiff has exclusive rights. Such unlawful distribution occurred in every jurisdiction in the United States, including this one. In addition, each Defendant contracted

with an Internet Service Provider found in this District to provide each Defendant with access to the Internet.

## PARTIES

6. Plaintiff G2 Productions, LLC ("Plaintiff") is a creator and distributor of motion pictures. Plaintiff brings this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of Plaintiff's copyrighted motion picture. Defendants' infringements allow them and others unlawfully to obtain and distribute for free an unauthorized copyrighted work that Plaintiff spent millions of dollars to create and/or distribute. Each time a Defendant unlawfully distributes a free copy of Plaintiff's copyrighted motion picture to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. The Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

7. Plaintiff G2 Productions, LLC is a California Limited Liability Company, with its principal place of business at 1001 North Kingsley Drive, Los Angeles, CA. G2 Productions, LLC ("G2") is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. G2 is the owner of the copyright and/or the pertinent exclusive rights under copyright in the United States in the motion picture identified in Exhibit B, entitled *"Uncross the Stars"*, which has been unlawfully distributed over the Internet by the Defendants.

8. The true names of Defendants are unknown to the Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by

his or her Internet Service Provider on the date and at the time at which the infringing activity of each Defendant was observed. The IP address of each Defendant thus far identified, together with the date and time at which his or her infringing activity was observed, is included on Exhibit A hereto. Plaintiff believes that the information obtained in discovery will lead to the identification of each Defendant's true name and permit Plaintiff to amend this Complaint to state the same. Plaintiff further believes that the information obtained in discovery will lead to the identification of additional infringing parties to be added to this Complaint as defendants, since monitoring of online infringement of Plaintiff's motion picture is ongoing.

## COUNT I
## INFRINGEMENT OF REGISTERED COPYRIGHT

9. Plaintiff is responsible for the creation, development, production and distribution of the commercially released motion picture titled *"Uncross the Stars"*.

10. At all relevant times the Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, for the copyrighted motion picture listed on Exhibit B to this Complaint (the "Copyrighted Motion Picture"). The Copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration # PAu-3-413-211 issued by the Register of Copyrights as specified on Exhibit B.

11. The Copyrighted Motion Picture contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

12. Plaintiff has discovered and believes that each Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture. Exhibit A identifies the Doe Defendants known to Plaintiff as of the date of this Complaint who have, without the permission or consent of Plaintiff, distributed the Copyrighted

Motion Picture to the public, including by making available for distribution to others. In doing so, each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 US.C. § 101 *et seq.*).

13. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

14. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 US.C. § 504, and to its attorneys' fees and costs pursuant to 17 US.C. § 505.

15. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of Copyrighted Motion Picture made in violation of Plaintiff's copyright.

**WHEREFORE,** Plaintiff prays for judgment against each Defendant as follows:

1.  For entry of preliminary and permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff ("Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Pictures, to distribute Plaintiff's Motion Pictures, or to make Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall

destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in each Defendant's possession, custody, or control.

2.   For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff.

3.   For Plaintiff's costs.

4.   For Plaintiff's reasonable attorneys' fees.

5.   For such other and further relief as the Court deems proper.

Respectfully Submitted,

G2 PRODUCTIONS, LLC

**DATED**:  January 7, 2010

By:  _____
Thomas M. Dunlap (D.C. Bar # 471319)
David Ludwig (D.C. Bar # 975891)
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
*Attorneys for the Plaintiff*

# Exhibit A

10 0041

FILED

JAN - 8 2010

Clerk, U.S. District and
Bankruptcy Courts

## Exhibit A

| Defendant | Host IP address | Date Time (local) | P2P Client | ISP |
|---|---|---|---|---|
| Doe 1 | 76.212.13.127 | 12/14/09 12:26:36 AM | æTorrent 1.8.5.0 | SBC Internet Services |
| Doe 2 | 99.20.81.220 | 12/13/09 01:26:07 AM | BitTorrent 6.3.0 | SBC Internet Services |
| Doe 3 | 71.154.207.45 | 12/13/09 11:22:20 AM | æTorrent 1.8.2.0 | SBC Internet Services |
| Doe 4 | 99.31.159.148 | 8/12/09 12:12:28 AM | Azureus 4.3.0.4 | SBC Internet Services |
| Doe 5 | 76.241.99.46 | 6/12/09 12:47:02 AM | æTorrent 1.8.4.0 | SBC Internet Services |
| Doe 6 | 70.231.254.221 | 6/12/09 07:18:27 AM | libtorrent 0.21.0.0 | SBC Internet Services |
| Doe 7 | 99.133.184.234 | 5/12/09 07:41:19 AM | Azureus 4.3.0.4 | SBC Internet Services |
| Doe 8 | 75.46.71.88 | 11/30/09 05:19:12 AM | BitTorrent 6.2.0 | SBC Internet Services |
| Doe 9 | 70.231.225.62 | 11/29/09 07:25:35 PM | libtorrent 0.21.0.0 | SBC Internet Services |
| Doe 10 | 69.212.38.40 | 11/26/09 01:51:39 AM | Azureus 4.3.0.4 | SBC Internet Services |
| Doe 11 | 99.21.169.94 | 11/25/09 01:07:58 AM | Azureus 4.3.0.0 | SBC Internet Services |
| Doe 12 | 75.46.92.222 | 11/24/09 12:32:58 AM | BitTorrent 6.2.0 | SBC Internet Services |
| Doe 13 | 64.216.48.76 | 11/22/09 05:42:50 AM | BitTorrent 6.3.0 | SBC Internet Services |
| Doe 14 | 69.212.38.40 | 11/20/09 01:04:19 AM | Azureus 4.3.0.0 | SBC Internet Services |
| Doe 15 | 99.157.202.150 | 11/18/09 12:02:33 AM | æTorrent 2.0.0.18 | SBC Internet Services |
| Doe 16 | 75.45.235.233 | 11/17/09 09:00:23 PM | æTorrent 1.8.4.0 | SBC Internet Services |
| Doe 17 | 75.45 227.224 | 11/16/09 12:12:45 AM | æTorrent 1.8.4.0 | SBC Internet Services |
| Doe 18 | 69.212.38.40 | 11/15/09 06:53:31 AM | Azureus 4.2.0 8 | SBC Internet Services |
| Doe 19 | 70.226 214.114 | 11/14/09 06 49:32 PM | æTorrent 1.8.4.0 | SBC Internet Services |
| Doe 20 | 99.24.206 65 | 12/11/09 02:25:29 AM | Azureus 4.2.0.8 | SBC Internet Services |
| Doe 21 | 99 8.53.88 | 12/11/09 05 26:33 AM | æTorrent 1.6.1 0 | SBC Internet Services |
| Doe 22 | 69 230.181 44 | 11/11/09 03 11.38 AM | æTorrent 1.8 5 0 | SBC Internet Services |
| Doe 23 | 99.133.184 234 | 11/11/09 03:39:50 AM | Azureus 4.2.0 8 | SBC Internet Services |
| Doe 24 | 76.193.183.216 | 11/11/09 02:23.24 AM | æTorrent 1.8.4.0 | SBC Internet Services |
| Doe 25 | 99.133.184.234 | 11/11/09 01:57:38 AM | Azureus 4.2.0.8 | SBC Internet Services |
| Doe 26 | 76.193.183.216 | 11/11/09 05:19:00 AM | æTorrent 1.8.4.0 | SBC Internet Services |
| Doe 27 | 71.128.199.71 | 11/11/09 06:52:27 AM | æTorrent 1.8.2.0 | SBC Internet Services |
| Doe 28 | 99.20.81.220 | 10/11/09 07:47:10 PM | BitTorrent 6.3.0 | SBC Internet Services |
| Doe 29 | 69.230.181.44 | 10/11/09 09:03:59 PM | æTorrent 1.8.5.0 | SBC Internet Services |
| Doe 30 | 99.8.53.88 | 10/11/09 09:38:37 PM | æTorrent 1.6.1.0 | SBC Internet Services |
| Doe 31 | 99.32.163.66 | 12/15/09 05:42:52 PM | æTorrent 1.8.3.0 | SBC Internet Services |
| Doe 32 | 71.128.194.172 | 12/17/09 02:07:23 AM | æTorrent 1.8.2.0 | SBC Internet Services |
| Doe 33 | 99.60.111.103 | 12/17/09 08:32:32 PM | æTorrent 1.8.0.18 | SBC Internet Services |
| Doe 34 | 75.85.178.135 | 12/13/09 02:09:38 AM | æTorrent 1.8.4.0 | Road Runner |
| Doe 35 | 97.97.94.104 | 11/12/09 01:16:27 AM | BitTorrent 6.3.0 | Road Runner |
| Doe 36 | 71.68.112.53 | 8/12/09 12:00:09 AM | æTorrent 2.0.0.18 | Road Runner |
| Doe 37 | 24.167.113.77 | 3/12/09 02:02:15 PM | æTorrent 1.8.4.0 | Road Runner |
| Doe 38 | 24.31.212.156 | 1/12/09 08:56:12 PM | æTorrent 1.8.4.0 | Road Runner |
| Doe 39 | 76.189.144.41 | 11/27/09 11:54:33 AM | æTorrent 1.8.3.0 | Road Runner |
| Doe 40 | 68.205.203.5 | 11/23/09 03:51:28 AM | æTorrent 1.8.4.0 | Road Runner |
| Doe 41 | 67.49.82.202 | 11/21/09 04:45:11 AM | BitComet 0.1.1.3 | Road Runner |
| Doe 42 | 65.25.149.113 | 11/16/09 03:41:08 AM | BitComet 0.1.1.6 | Road Runner |
| Doe 43 | 71.71.43.158 | 11/14/09 12:13:58 AM | æTorrent 1.8.4.0 | Road Runner |
| Doe 44 | 76.89.194.148 | 11/14/09 04:37:15 AM | Azureus 4.2.0.8 | Road Runner |
| Doe 45 | 76.174.5.217 | 11/13/09 02:01:37 AM | BitTorrent 6.2.0 | Road Runner |
| Doe 46 | 67.8.23.134 | 11/13/09 04:24:32 AM | æTorrent 1.8.4.0 | Road Runner |

| Doe 47 | 75.183.20.236 | 11/11/09 01:39:24 AM | Transmission 1.5.2.0 | Road Runner |
|--------|---------------|----------------------|-----------------------|-------------|
| Doe 48 | 24.92.222.137 | 10/11/09 07:47:30 PM | BitComet 0.1.1.4 | Road Runner |
| Doe 49 | 67.174.116.217 | 12/14/09 02:01:15 AM | æTorrent 1.8.4.0 | Comcast Cable |
| Doe 50 | 24.23.54.197 | 9/12/09 11.04:17 AM | æTorrent 1.8.4.0 | Comcast Cable |
| Doe 51 | 69.143.35.30 | 8/12/09 01 34:59 AM | Azureus 4 3.0.4 | Comcast Cable |
| Doe 52 | 98.250.88.230 | 2/12/09 12.16:51 AM | æTorrent 1.8.4.0 | Comcast Cable |
| Doe 53 | 66 229.220.100 | 11/25/09 04:56:24 AM | æTorrent 1 8.5.0 | Comcast Cable |
| Doe 54 | 98 246 179.101 | 11/25/09 02 14.18 AM | Transmission 1.7.6 0 | Comcast Cable |
| Doe 55 | 76.119.72 114 | 11/22/09 01:50:03 AM | æTorrent 1.8.4.0 | Comcast Cable |
| Doe 56 | 98 238.180.137 | 11/21/09 03:35:23 AM | æTorrent 1.8.3.0 | Comcast Cable |
| Doe 57 | 24.5.81 100 | 11/21/09 03.29 30 AM | æTorrent 1.8 4 0 | Comcast Cable |
| Doe 58 | 98.222.112.40 | 11/21/09 01:11:02 PM | BitLord 1.01 | Comcast Cable |
| Doe 59 | 24.147.210.84 | 11/19/09 04:42:59 AM | Azureus 2.4.0.0 | Comcast Cable |
| Doe 60 | 69.143.35.30 | 11/18/09 08:10:02 AM | Azureus 4.3.0.0 | Comcast Cable |
| Doe 61 | 98.242.136.44 | 11/18/09 01:26:05 PM | æTorrent 1.8.4.0 | Comcast Cable |
| Doe 62 | 98.217.242.81 | 11/18/09 06:21:48 PM | Azureus 2.4.0.0 | Comcast Cable |
| Doe 63 | 71.231.74.214 | 11/16/09 04:37:35 PM | BitTorrent 6.2.0 | Comcast Cable |
| Doe 64 | 98.203.140.240 | 11/15/09 09:44:11 AM | æTorrent 1.8.4.0 | Comcast Cable |
| Doe 65 | 67.163.92.84 | 11/15/09 01:09:37 AM | Azureus 2.4.0.0 | Comcast Cable |
| Doe 66 | 69.143.35.30 | 11/14/09 08:21:31 AM | Azureus 4.2.0.8 | Comcast Cable |
| Doe 67 | 98.243.92.187 | 11/13/09 12:52:25 AM | Azureus 4.2.0.8 | Comcast Cable |
| Doe 68 | 98.226.92.177 | 11/13/09 12:44:21 AM | BitTorrent 6.2.0 | Comcast Cable |
| Doe 69 | 76.119.72 114 | 11/13/09 12:45:45 AM | æTorrent 1.8.1.0 | Comcast Cable |
| Doe 70 | 24.7 41 158 | 11/13/09 06:07:20 AM | æTorrent 1.8.4 0 | Comcast Cable |
| Doe 71 | 98.243.92.187 | 11/13/09 06:02.25 AM | Azureus 4.3.0.0 | Comcast Cable |
| Doe 72 | 68.43.168.73 | 11/13/09 12:29.02 PM | æTorrent 1.8 4 0 | Comcast Cable |
| Doe 73 | 68.56.209.204 | 12/11/09 05:00:15 AM | æTorrent 1.8.3.0 | Comcast Cable |
| Doe 74 | 98.243.92.187 | 11/11/09 12:46 22 AM | Azureus 4.2.0.8 | Comcast Cable |
| Doe 75 | 69.143.35.30 | 11/11/09 12:58:06 AM | Azureus 4.2.0.8 | Comcast Cable |
| Doe 76 | 76.119.72.114 | 11/11/09 01 01.34 AM | æTorrent 1 8 1.0 | Comcast Cable |
| Doe 77 | 98.248 137.77 | 11/11/09 04:43.08 AM | æTorrent 1 8 4.0 | Comcast Cable |
| Doe 78 | 24.126.159.148 | 11/11/09 05:45:24 AM | BitTorrent 6.3.0 | Comcast Cable |
| Doe 79 | 98.212.81.249 | 11/11/09 09:49:11 AM | æTorrent 1 8.4.0 | Comcast Cable |
| Doe 80 | 98.212.103.108 | 11/11/09 03:23:25 PM | BitTorrent 6.1.2 | Comcast Cable |
| Doe 81 | 76.107.131.239 | 11/11/09 03:29:07 PM | BitLord 1.01 | Comcast Cable |
| Doe 82 | 98.226.92.177 | 10/11/09 07:49:50 PM | BitTorrent 6.2.0 | Comcast Cable |
| Doe 83 | 67.174.116.217 | 12/17/09 12:00:16 AM | æTorrent 1.8.4.0 | Comcast Cable |

# Exhibit B



10 0041

FILED

JAN

Clerk, U.S.
Bankru...

Exhibit B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**
## PAu 3-413-211

**Effective date of registration:**
May 16, 2008

## Title

|  |  |
|---|---|
| **Title of Work:** | "Uncross the Stars" |
| **Previous or Alternative Title:** | "Vacuuming the Cat" |
| **Nature of Work:** | Motion Picture. |

## Completion/Publication

|  |  |
|---|---|
| **Year of Completion:** | 2008 |

## Author

|  |  |
|---|---|
| **Author:** | G2 Productions, LLC |
| **Author Created:** | Entire film excluding all music |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |
| **Anonymous:** | No |
| **Pseudonymous:** | No |

## Copyright claimant

|  |  |
|---|---|
| **Copyright Claimant:** | G2 Productions, LLC |
|  | 1001 N. Kingsley Drive, Los Angeles, CA, 90029 . |

## Limitation of copyright claim

|  |  |
|---|---|
| **Previously registered:** | No |

## Certification

|  |  |
|---|---|
| **Name:** | Kenneth Golde |
| **Date:** | May 9, 2008 |

**Correspondence:** Yes