UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| G2 PRODUCTIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOES 1-83,<br><br>    Defendants. | Civil Action No. 10-041 (CKK) |

MEMORANDUM OPINION
(January 21, 2010)

Before the Court is Plaintiff's [4] Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. Plaintiff is a film-making company suing a series of John Doe Defendants for copyright infringement. *See* Pl.'s Mem. at 1. Plaintiff requests permission to serve limited, immediate discovery on SBC Internet Services, Inc. (a subsidiary of AT&T Inc.), Comcast Corporation (Comcast Cable), Road Runner (Time Warner Cable), and various other third party internet service providers ("ISPs"), in the form of a Rule 45 subpoena. *See* Pl.'s Mem. at 2, 5. Plaintiffs seek the true identities of Defendants, including each Defendant's true name, address, telephone number, email address, and Media Access Control ("MAC") address. *Id.* at 5. Plaintiff intends to serve a subpoena on the ISPs within fifteen business days requesting the Defendants' identifying information. *Id.* If an ISP cannot identify one or more of the Doe Defendants but does identify an intermediary ISP as the entity providing online services and/or network access to such Defendants, Plaintiff intends to serve a subpoena on the intermediary ISP in the same manner within fifteen business days.

According to Plaintiff's Complaint, each Defendant used an online media distribution

system to download Plaintiff's copyrighted work and/or distribute this work to the public. *See* Compl. ¶ 12. Although Plaintiff does not know Defendants' names, Plaintiff has identified each Defendant by a unique internet protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity. Pl.'s Mem. at 3-4. Through the use of a private internet security firm, Plaintiffs have traced the IP address for each Defendant and determined that their ISPs are SBC Internet Services, Inc., Road Runner, and Comcast Cable, as identified in Exhibit A of Plaintiff's Complaint. *Id.*; Compl. Ex. A.

The Court finds that good cause exists for Plaintiff's discovery because Defendants must be identified before this suit can progress further. *See Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-9 (D.D.C. Apr. 28, 2008) (Kollar-Kotelly, J.). The Court shall therefore grant Plaintiff's request for immediate discovery, with certain limitations outlined herein. Plaintiff shall be allowed to serve immediate discovery on SBC Internet Services, Inc., Comcast Corporation, and Road Runner to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current and permanent addresses, telephone numbers, email addresses, and Media Access Control addresses. Any information disclosed to Plaintiff in response to the Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint. Subject to the same limitations, Plaintiff may serve a subpoena in the same manner to any ISP identified in response to a subpoena as a provider of internet services to one of the John Doe Defendants.

If and when an ISP is served with a subpoena, the ISP shall give written notice, which may include email notice, to the subscribers in question within five business days. If the ISP

and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Plaintiff shall provide each ISP with a copy of this Memorandum Opinion and accompanying Order along with its subpoena.

Date:   January 21, 2010

                                                /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge