*[handwritten notations]*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAR 3 1 2010
Clerk, U.S. District and
Bankruptcy Courts

|  |  |  |
|---|---|---|
|  |  | 1:10cv-00041-CKK |
|  | ) | COMCAST FILE 152209 |
| G2 PRODUCTIONS, LLC | ) |  |
|  | ) |  |
|  | ) | DOES' MOTION TO |
| Plaintiff, | ) | QUASH THIRD-PARTY SUBPOENA |
|  | ) | TO COMCAST INC. |
|  | ) |  |
| v. |  |  |
|  | ) | DATE: Mon. March 15, 2010 |
|  | ) | TIME: 2:00 PM |
| DOES 1-83. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**JOHN DOE MEMNORANDUM IN SUPPORT OF MOTION TO QUASH**

**PLAINTIFF'S SUBPEONA**

Pursuant to Federal Rule of Civil Procedure 45(c) and applicable local rules, John Doe moves to quash Plaintiff's third party subpoena to Comcast Inc. for information pertaining to my identification. I ask that the Court to quash the Plaintiff's subpoena because the Subpoena violates my First Amendment right to speak anonymously.

## Introduction

Plaintiff G2 Productions LLC.'s March 10, 2010 Subpoena ordering Comcast Inc. to produce information relating to the identity of John Doe, urges the court to help the Plaintiff trample upon John Doe's constitutionally protected right to speak anonymously.

## STATEMENT OF ISSUES TO BE DECIDED

The question before the Court is whether plaintiff G2 Productions LLC. should be permitted to use the procedures of this Court to force disclosure of the identities of an individual who spoke anonymously on issues concerning P2P sharing, where G2 Productions LLC. Has made no showing that the anonymous speakers acted unlawfully by providing information about P2P files that were meant in any way to violate G2 Productions LLC. rights.

## STATEMENT OF FACTS

The Internet is a democratic institution in the fullest sense. It serves as a place where information can be shared on a broader scale that it has been shared in the past. Millions of people use the internet every day to get information and to voice opinions that are done with anonymity. I am one of those people that do just that.

In response to a letter that I received from my ISP, I would like to request that my information be kept private due to the fact that I anonymously reported piracy on several occasions and continue to do so. Some of my information is reported to various local news agencies that have done stories on the information that I have given. In other cases the information is reported to companies that investigate piracy. Each of the sources that I have used has a policy that allows the person that reports the piracy to remain anonymous once they report

their findings. I have been told that I must file a **Motion to Quash** or a **Motion to Vacate** the request for my information.

I have to report the things that I find in a way that protects my identity at all times. On several occasions I have went to sites that allow downloading of materials through file sharing. These sites have all types of material and they continue to post new files daily. I have done my best to stay up to date on what the sites have and to report my findings. I am also writing about my finding and doing various researching activities to find information. On one hand, the information that I have found falls under the Freedom of Speech rights that individuals have. The other side is that they are finding the information so easily on the internet that I am only trying to get the information removed. For the date and time listed on the paperwork that I received from my ISP, my computer was not in service and it does not show any items of concern. As mentioned, I have been on these sites for researching and reporting only and not for personal use.

I have tried to find as much information as I can to support what is done and how it can be stopped without infringing on the rights of either party involved. Many of the sites that I have visited have leaked products that are directly from the vendors of the products and have contact information for the vendor to be contacted when the product is seen. If there is not a direct contact numbers for the vendor, there is no way to contact them. This makes it difficult for anyone to submit an anonymous report. I am asking for my ISP to keep my information as secure as possible in order to allow me to be able to continue to assist in reporting these findings. At no time have I shared the information with others as far as I know. I have only passed the

information on to the proper contacts that have a better chance of getting the information off of the internet.

As a private citizen, I have been involved with finding out all I can about file sharing for purposes of study and for legal cases that I am researching. I feel that having any information pertaining to my identity would have a harmful effect on me continuing my research and reporting of the information that I find. I am not clear on who investigates all of the files that are available on the internet and have no way of contacting each and every company that has a file on the internet. My research involves going on public and private domains that I find to see what they offer for the public to see, hear or post messages to.

In the case files that I have been able to find, I have seen where other individuals have been compelled to give their personal information in a short amount of time. This does not give a person who is not involved in file sharing time enough to get counsel to keep their personal information from being made public. I have at no time used any files for personal gain or just for free. I have supplied all information to media outlets only.

None of the files in question are on my computer and during the time in question my computer was not in service. Compaq had to walk me through a reset of my system due to my system being cloned. This is what made me want to find out the various uses for and what happens on the peer to peer and other social networking sites. I have young children that hear about many sites form other students at their schools and I try to make sure that the sites that they hear about are not those that pedophiles and other sick individuals may be on. My research has also led me to learn more about bots that are used to distribute information over the internet and that track the visitors of a site. If at any time I have done more than I should have in my

research and protecting my children while on the internet, I was unaware of going about it in the wrong way.

As a student, a father and a reserve police officer, I feel that I was doing the right thing in my research of the materials that are so easy for my children and others to access. By reporting what I do in an anonymous way, I keep my name out of reports and that is how I am able to be of service to help get the information out of reach for innocent people that get caught up in cases such as this one. So once again, I ask the court to **Quash** the **Subpoena** requesting that my information be made public.

## PROCEDURAL BACKGROUND

This motion is made because Georgia has a law on the books that protects an anonymous source to report their findings for the good of the public.

**The Georgia Shield Law 24-9-30 for persons, companies, or other entities engaged in gathering or dissemination of news.**

Published on *Citizen Media Law Project* (http://www.citmedialaw.org)

Home > Content

# Georgia Code Section 24-9-30

Official Code of Georgia § 24-9-30. Persons, companies, or other entities engaged in gathering or dissemination of news

Any person, company, or other entity engaged in the gathering and dissemination of news for the public through a newspaper, book, magazine, or radio or television broadcast shall have a qualified privilege against disclosure of any information, document, or item *obtained or prepared in the gathering or dissemination of news in any proceeding where* the one asserting the privilege is not a party, unless it is shown that this privilege has been waived or that what is sought:

(1) Is material and relevant;

(2) Cannot be reasonably obtained by alternative means; and

(3) Is necessary to the proper preparation or presentation of the case of a party seeking the information, document, or item.

Link to Georgia Code Section 24-9-30 [1]

**Source URL (retrieved on *03/14/2010 - 11:22pm*):** http://www.citmedialaw.org/georgia-code-section-24-9-30

**Links:**
[1] http://law.justia.com/georgia/codes/24/24-9-30.html

AO 88B (Rev 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| G2 PRODUCTIONS, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:10-cv-00041-CKK |
| DOES 1 – 83 | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Comcast Cable Communications, Attn: Colin Padget/ Legal Response Center, 650 Centerton Road Moorestown, NJ 08057, care_customer@cable.comcast.com, Fax 866-947-5587

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses. telephone numbers, e-mail addresses and Media Access Control addresses of all individuals whose IP addresses are listed in the attached spreadsheet (paper and CD formats). Let us know the preferred format to provide data - we will provide data in the most efficient and cost effective format.

| Place: Thomas M. Dunlap, Dunlap, Grubb & Weaver, PLLC, 199 Liberty Street S.W., Leesburg, VA 20175 Tel: 703-777-7319, Fax: 703-777-3656 | Date and Time: 03/19/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  02/19/2010

*CLERK OF COURT*

OR  [signature]

_____   _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Plaintiff
G2 PRODUCTIONS, LLC                            , who issues or requests this subpoena, are:

Thomas M. Dunlap, Dunlap, Grubb & Weaver, PLLC, 199 Liberty Street S.W., Leesburg, VA 20175, Tel: 703-777-7319, Fax: 703-777-3656

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| G2 PRODUCTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-83,<br><br>Defendants. | Civil Action No. 10-041 (CKK) |

**ORDER**
(January 21, 2010)

In accordance with the accompanying Memorandum Opinion, it is, this 21st day of January, 2010, hereby

**ORDERED** that Plaintiff's [4] Motion for Leave to Take Discovery Prior to Rule 26(f) Conference is GRANTED; it is further

**ORDERED** that Plaintiff is allowed to serve immediate discovery on the internet service providers (ISPs) SBC Internet Services, Inc., Comcast Corporation, and Road Runner to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control addresses; it is further

**ORDERED** that Plaintiff is allowed to serve a Rule 45 subpoena in the same manner as above to any ISP that is identified in response to a subpoena as a provider of internet services to one of the John Doe Defendants; it is further

**ORDERED** any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its

Complaint; it is further

**ORDERED** that if and when an ISP is served with a subpoena, the ISP shall give written notice, which may include email notice, to the subscribers in question within five business days; it is further

**ORDERED** that if the ISP and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service; it is further

**ORDERED** that the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash; and it is further

**ORDERED** that Plaintiff shall provide each ISP with a copy of this Order and accompanying Memorandum Opinion along with its subpoena.


Date:   January 21, 2010

                                        /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge


2