**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| G2 PRODUCTIONS, LLC,           ) | |
|       ) | |
|    Plaintiff,       ) | |
|       ) | |
| v.       ) | CA. 1:10-cv-00041-CKK |
|       ) | |
| DOES 1 – 83       ) | |
|       ) | **Next Deadline:** N/A |
|    Defendants.       ) | |
|       ) | |

**PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENA FILED BY
ANONYMOUS DEFENDANT JOHN DOE**

I. INTRODUCTION

      Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference was granted by this court on January 21, 2010. [Docket Numbers 5 and 6] Pursuant to that order, Plaintiff served various non-party Internet Service Providers ("ISPs") with subpoenas to identify the Doe Defendants.

      To briefly summarize Plaintiff's motion for discovery, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"Uncross the Stars"* (the "Movie"), over the Internet. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

      In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff identified an infringing IP address on the date and time of alleged infringement. Pursuant to the subpoenas, and according to correspondence from the ISPs to their subscribers, production of

documents was commanded on March 19, 2010. Accordingly, any motion to quash this production was required to be filed before that date to be proper.

On March 31, 2010 an anonymous "John Doe" Defendant, simply identifying himself as Comcast File # 152209, filed a purported motion to quash the subpoena served on Comcast Cable Communications. [Doc. No. 10][1] On April 11, 2010, the Court issued a paperless Minute Order (no Doc. No.), stating:

> On March 31, 2010, the Clerk of the Court received by mail a set of papers captioned "John Doe Memnorandum [sic] in Support of Motion to Quash Plaintiff's Subpoena." Attached to the memorandum is a partial copy of a subpoena served by Plaintiff on Comcast Cable Communications ("Comcast"). The memorandum is not signed and does not contain any identifying information other than a file number from Comcast. However, the Court shall permit the filer to proceed anonymously as "John Doe" and grant leave for John Doe to file his Motion to Quash the Subpoena. The Clerk of the Court shall docket the Memorandum. Plaintiff shall file a response to the Memorandum by no later April 21, 2010.

Because the purported motion to quash was not timely filed, does not comply with the court rules for such filings, and does not provide good cause for quashing the subpoena, Plaintiff requests that the motion be denied in its entirety.

II. ARGUMENT

    A. DEFENDANT'S MOTION TO QUASH IS PROCEDURALLY DEFECTIVE.

First, Defendant John Doe's purported motion to quash was untimely. In general, a motion to quash must be made within the time set in the subpoena for compliance. See Advanced Portfolio Technologies, Inc. v. Stroyny, 2006 WL 3761330 (D.C.Wis. 2006) (slip op.); U.S. v. International Bus. Machs. Corp., 70 F.R.D. 700 (D.C.N.Y. 1976) (holding that

---

[1] Plaintiff was never served a copy of the papers filed by John Doe and was not able to view them until after the Court posted them on Pacer.

2

motions for protective orders involving the subpoena of a document from a nonparty in a government antitrust action were untimely when filed after the return date for subpoena). Here, Defendant John Doe did not file his purported motion to quash until after the date called for production. While the subpoenas commanded production of documents on March 19, 2010, the Defendant did not file his papers until March 31, 2010.[2]

Additionally, Defendant John Doe did not properly identify himself on the purported motion to quash. "The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party. ... If the party is appearing *pro se*, the caption shall also include the party's telephone number." LCvR 5.1(e)(1). Here, nowhere in the purported motion to quash is there a printed name, address, or telephone number. Therefore, there is no way for the Plaintiff or the court to contact Defendant John Doe in response to his motion.[3] Realizing that anonymity is a concern, Defendant John Doe still could have provided his contact information to the court with a request to seal that information. *See e.g.*, Motion to Quash filed by Jane Doe (Doc. Nos. 10 and 11).

Lastly, a motion for a protective order under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Here, Defendant John Doe has not included such a certification or even attempted to meet and confer with counsel for Plaintiff.

---

[2] Further, according to the court's order, "if the ISP and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service." [Doc. No. 5 at p. 2]

[3] Accordingly, Plaintiff has not submitted a certificate of service for this opposition, as Plaintiff has no method of serving this opposition on Defendant John Doe.

B. DEFENDANT JOHN DOE HAS NOT JUSTIFIED QUASHING THE SUBPOENA.

The basis of Defendant John Doe's purported motion to quash is that the subpoena violates his First Amendment right to speak anonymously. Motion at p. 1. Defendant John Doe also argues that he did not unlawfully download the Movie. However, Defendant John Doe's arguments do not justify quashing the subpoena.

 1. PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANT JOHN DOE DID INFRINGE PLAINTIFF'S COPYRIGHTS.

The court has already determined that Plaintiff has met its threshold burden to obtain further information about the Doe Defendants by identifying the Doe Defendants with sufficient specificity and showing that Plaintiff's suit can withstand a motion to dismiss. As more fully set out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [Doc. No. 4], Plaintiff identified the unique IP address for each Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Defendant, from information provided to it by Guardaley. This information was obtained by Guardaley's proprietary tracing software program to trace the IP address for each Defendant, as detailed in the declarations of Benjamin Perino and Patrick Achache. However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the "Defendants must be identified before this suit can progress further." [Doc. No. 6 at p. 1] Therefore, Plaintiff has already demonstrated good cause for the requested information.

Additionally, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's

4

Movie on a specific date and time.  Specifically, Defendant John Doe argues that "[n]one of the files in question are on my computer and during the time in question my computer was not in service."  Motion at p. 4.  Defendant John Doe's motion implies that his research and study about online file sharing and "peer to peer and other social networking sites" has led him to be included in this case.  *See id.*  However, simply viewing a particular website, or even reporting on a particular website, would not have registered as an unlawful download of Plaintiff's Movie based on the methodology Plaintiff has used.

Again, Plaintiff utilized proprietary technology developed and instituted by Guardaley that detects the unauthorized *distribution* of movies and other audiovisual content and files over online media distribution systems, i.e. the actual transferring of files and not the viewing of a website or report to or about the website.  *See* Achache Declaration (filed as Exhibit B to Plaintiff's Motion for Leave to Take Discovery [Doc. No. 4]) ¶ 4.  Accordingly, Defendant John Doe's IP address at the time of the alleged infringement was included in this case because it was offering files corresponding to Plaintiff's motion picture title *"Uncross the Stars"* for unlawful transfer or distribution.  *See id.* at ¶ 8.  In fact, Guardaley actually downloaded Plaintiff's Movie from the IP address assigned to this John Doe, just as it does with all Doe Defendants.  *See id.* at ¶9.  Lastly, Guardaley confirmed that the file that Defendant John Doe distributed was actually Plaintiff's Movie by watching both and comparing them.  *Id.* at ¶¶ 16-17.

Therefore, Defendant John Doe's argument that Plaintiff has somehow improperly identified him as an infringer is without merit.  More importantly, Defendant John Doe's arguments do not address the requirements for a motion to quash.[4]  A person served a discovery

---

[4] "If Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses." Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D.Pa.).

subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3). Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'" Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C.Cir. 1965) (denying a motion to quash supported by two affidavits); United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C.Cir. 1984). The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat & Control, Inc. v. Hester Industries, Inc., 785 F.2d 1017, 1024, 228 USPQ 926, 931 (Fed.Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Here, Plaintiff has already demonstrated that the information is absolutely necessary in this case so that Plaintiff can ascertain the true identities of the alleged infringing Doe Defendants and that Plaintiff can only obtain the information by issuing subpoenas to the ISPs. In contract, Defendant John Doe has not shown any annoyance, embarrassment, oppression, or any undue burden or hardship he would incur if the information is divulged to Plaintiff.

6

Additionally, Defendant John Doe has not claimed that the subpoena is unreasonable or oppressive, because he cannot. Lastly, Defendant John Doe has not shown why quashing the subpoena is necessary when other, more limited methods are available to address his concerns.[5]

### 2. DEFENDANT JOHN DOE'S RELIANCE ON THE FIRST AMENDMENT IN MISPLACED.

Defendant John Doe has not provided any legal justification for why the information sought by the subpoena is privileged or confidential. In particular, Defendant John Doe has not even addressed the breadth of law and authority provided in Plaintiff's Motion for Leave to Take Discovery, stating that the Doe Defendants have no legitimate expectation of privacy in the subscriber information they provided to the ISPs, much less in downloading and distributing the copyrighted Movie without permission. As further detailed in Plaintiff's Motion, people using the Internet to distribute or download copyrighted music without authorization are not entitled to have their identity protected from disclosure under the First Amendment. See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); see also Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entertainment, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C.

---

[5] In fact, this court denied a motion to quash by a doe defendant in a case almost identical to this case, wherein the court held that the subpoena complied with the Federal Rules of Civil Procedure whether under a good cause standard or prima facie showing of copyright infringement. Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 7 (D.D.C. Apr. 28, 2008) (Kollar-Kotelly, J.).

2008); U.S. v. Hambrick, 55 F.Supp.2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000).

Again, in a case almost identical to this case, this court denied a motion to quash by a doe defendant who similarly argued "that file sharing is protected speech under the First Amendment and that Defendants have the right to speak anonymously." Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8 (D.D.C. Apr. 28, 2008) (Kollar-Kotelly, J.). There, the court found that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights." Id. at 8-9 (citing Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *9 (W.D.Pa.)); Sony Music Entertainment Inc. v. Does 1-40, 326 F.Supp.2d 556, 567 (S.D.N.Y. 2004) ("defendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims"); Arista Records LLC v. Does 1-11, Civ. A. No. 07-568 (W.D.Okla. Nov. 14, 2007) (Order holding that "[t]he Doe Defendants' First Amendment rights are not implicated because the information sought by the subpoena does not infringe their rights to engage in protected speech").

Further, Defendant John Doe has failed to acknowledge that he utilized the public forum of the internet to copy and distribute Plaintiff's Movie while using his unique IP address at the time of infringement. This IP address was obtained through public information, and its user can be readily identified by the ISPs, with whom Defendant John Doe entered into a service agreements knowingly and voluntarily disclosing personal identification.

Additionally, Plaintiff is only seeking limited information sufficient to identify each Doe Defendant, and Plaintiff will only use that information in this lawsuit. As stated in the order

8

granting Plaintiff discovery, "any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint." [Doc. No. 5 at pp. 1-2]. Therefore, Defendant John Doe is protected from any improper disclosure or use of his information.

Lastly, Defendant John Doe's arguments regarding his ability to report on issues related to file sharing or certain websites are likewise misplaced. Again, Defendant John Doe's IP address did not register with Plaintiff because of any report issued by Defendant John Doe or because he simply visited a website. Rather, Plaintiff obtained Defendant John Doe's IP address after Plaintiff determined he was unlawfully distributing files containing Plaintiff's Movie. That act of distribution does not qualify as speech protected by the First Amendment or any shield law.[6]

III. CONCLUSION

Overall, Defendant John Doe has not demonstrated any reason to quash the subpoena. As fully laid out in Plaintiff's Motion, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one. See, e.g., <u>Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10</u>, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); <u>Twentieth Century Fox Film Corporation, et al. v. Does 1-9</u>, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); <u>Lions Gate</u>

---

[6] Defendant John Doe's reliance on Georgia Code Section 24-9-30 is misplaced for several reasons. First, as with most shield statutes, this law in Georgia only protects those that are in the business of providing news to the public, "through a newspaper, book, magazine, or radio or television." Defendant John Doe does not even purport to be in the news media business; rather, he is a "student, father and a reserve police officer." Motion at p. 5. Second, the statute only makes privileged information that has been "obtained or prepared in the gathering or dissemination of news," not the identity of the underlying person who gathered or disseminated the news. Lastly, the privilege does not apply where the information is material and relevant, cannot be obtained through other means, and is necessary to the presentation of the case, all of which Plaintiff has shown in its Motion for Leave to Take Discovery.

Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

On the other hand, Plaintiff has shown good cause for obtaining information related to the Doe Defendants from the non-party ISPs, especially considering that these ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data.  Overall, Plaintiff's need for the disclosure of Defendant John Doe's information outweighs any First Amendment interest.  Therefore, the court should deny Defendant John Doe's purported motion to quash and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

Respectfully submitted,
WORLDWIDE FILM ENTERTAINMENT, LLC

**DATED**:  April 20, 2010

By:   /s/ Thomas M. Dunlap
Thomas M. Dunlap (D.C. Bar # 471319)
Nicholas A. Kurtz (D.C. Bar # 980091)
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
nkurtz@dglegal.com
*Attorney for the Plaintiff*