UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| G2 PRODUCTIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOES 1-83,<br><br>    Defendants. | Civil Action No. 10-041 (CKK) |

**ORDER**
(May 3, 2010)

Before the Court is John Doe's [10] Motion to Quash, which is opposed by Plaintiff G2 Productions, LLC. John Doe's motion was received by mail by the Clerk of the Court on March 31, 2010, with the only identifying information contained in the motion is a line in the caption reading "Comcast File #152209." On April 11, 2010, the Court granted John Doe leave to file the motion and ordered Plaintiff to file a response, which it did on April 20, 2010. John Doe's motion seeks to quash a subpoena served by Plaintiff on Comcast Cable Communications seeking his personal information based on his alleged use of an IP address to infringe Plaintiff's copyrights. John Doe asserts that the subpoena infringes his "constitutionally protected right to speak anonymously," and he also invokes a Georgia state law that protects certain persons against disclosure of information obtained or prepared in the gathering or dissemination of news. *See* Ga. Code Ann. § 24-9-30.

Plaintiff opposes John Doe's motion and argues that it is both procedurally and substantively deficient. First, Plaintiff notes that John Doe's motion was not received by the Court until March 31, 2010, which is twelve days after the subpoena's return date of March 19,

2010.  Therefore, Plaintiff argues that the motion to quash is untimely.  Second, Plaintiff notes that the motion to quash is not signed and does not identify the filing party in violation of Local Civil Rule 5.1(e)(1), and a motion to seal his identity was not filed.  *See also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.")  Plaintiff also argues that John Doe has failed to provide any basis for quashing the subpoena because Plaintiff has made a prima facie showing that John Doe did infringe Plaintiff's copyrights.  Plaintiff notes that John Doe's IP address was identified because it was determined by a forensic investigation to be involved in the unauthorized distribution of Plaintiff's movie over the internet.  Plaintiff further argues that the First Amendment does not protect copyright infringement and that the Georgia law cited by John Doe applies only to information gathered in the context of news reporting by the media, yet John Doe does not purport to be a reporter.

    The Court agrees with Plaintiff that John Doe's motion should be denied.  The Court notes that John Doe has not attempted to respond to Plaintiff's opposition and has in fact provided the Court with no way of ascertaining his identity or communicating with him.  John Doe could have filed such information under seal but chose not to do so.  In addition, the Court is not persuaded by John Doe's arguments that the subpoena should be quashed.  John Doe contends that his computer was not in use during the time in question and claims that he has only distributed information over the internet for research purposes.  These arguments go to the merits of whether John Doe has infringed Plaintiff's copyrights and do not provide a proper basis for quashing the subpoena.  Moreover, the Georgia reporter shield law cited by John Doe is not applicable.  That law protects from disclosure "any information, document, or item obtained or

prepared in the gathering or dissemination of news." *See* Ga. Code Ann. § 24-9-30. Even if the unauthorized download of Plaintiff's movie could qualify as newsgathering activity, the Georgia shield law would not prevent disclosure of John Doe's identity because John Doe's personal information was not the information "obtained or prepared" within the meaning of the statute. Therefore, John Doe's [10] Motion to Quash is DENIED.

**SO ORDERED.**

Date:   May 3, 2010

                                                         /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge