**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| G2 PRODUCTIONS, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CA. 1:10-cv-00041-CKK |
| | ) |
| DOES 1 – 83 | ) |
| | ) <u>Next Deadline:</u> Plaintiff shall serve |
| | ) Defendants by 8/10/2010; Joint Status |
| | ) Report due by 7/12/2010 |
|     Defendants. | ) |
| | ) |

<u>**PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENA FILED BY
ANONYMOUS JOHN DOE DEFENDANT [Doc. 23]**</u>

**I. INTRODUCTION**

On May 17, 2010, an anonymous John Doe Defendant filed a motion for leave to file motion, to appear pro se and to proceed anonymously, therein seeking to quash a subpoena served on SBC Internet Services (AT&T). [Docket Document Numbers 22, 22-1, and 23][1]

The only argument made by this John Doe Defendant for quashing the subpoena is that it exceeds the scope of the court's order granting discovery, as John Doe's IP address was not listed on the initial complaint in this case. However, John Doe recognizes that Plaintiff has filed a First Amended Complaint that *does* include John Doe's IP address. Therefore, the subpoena is proper, pursuant to the court's orders of January 21, 2010 and April 19, 2010, and Defendant John Doe's motion to quash should be denied.

---

[1] Pursuant to the court's Minute Order of May 21, 2010, Plaintiff submits this opposition without a certificate of service, and requests the court serve Defendant John Doe with this opposition, as the Clerk of the Court has retained Defendant John Doe's personal information under seal.

1

II. REVIEW OF PROCEEDINGS

On January 8, 2010, Plaintiff, a film-maker and motion picture copyright holder, filed a Complaint (Doc. No. 1) to stop Defendants from copying and distributing to others over the Internet unauthorized copies (files) of its copyrighted motion picture, *Uncross the Stars* (the "Movie"). On January 17, 2010, Plaintiff filed a Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Doc. No. 4), seeking leave to serve Rule 45 subpoenas to several internet service providers ("ISPs") to identify the Doe Defendants herein.

To briefly summarize Plaintiff's motion for discovery, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's Movie over the Internet, but at this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference was granted by this court on January 21, 2010. [Doc. Nos. 5 and 6] Pursuant to that order, Plaintiff served various non-party Internet Service Providers ("ISPs") with subpoenas to identify the Doe Defendants.

Plaintiff served the subpoenas with IP addresses for all of the Doe Defendants that Plaintiff was able to identify up to the time of the subpoena. Plaintiff believed the subpoenas were acceptable because Plaintiff had specifically requested to conduct discovery on those Doe Defendants that Plaintiff identified in Exhibit A to the complaint, as well as any other infringers that Plaintiff identifies during the course of this litigation, and because the Court's order granted

Plaintiff leave to serve discovery on the specified ISPs without any direct reference to the specified IP addresses.

On April 12, 2010, the court granted a Jane Doe's motion to quash/vacate a subpoena served on Comcast, stating that:

> Upon examination of the subpoena, it is clear that the subpoena requests more information than this Court authorized in its January 21, 2010, Order. The Court granted Plaintiff leave to take discovery only with respect to the 83 John Doe Defendants enumerated in the Complaint. The IP addresses for those 83 John Does were explicitly identified in Exhibit A of the Complaint. Exhibit A identifies Does 49-83, i.e., 35 of the 83 Defendants, as obtaining their internet service from Comcast. However, the subpoena served on Comcast seeks information pertaining to 75 IP addresses, including Jane Doe's, whose address is not listed in Exhibit A of the Complaint. Accordingly, the Court has not authorized discovery of Jane Doe's personal information, and the Court shall therefore GRANT Jane Doe's Motion to Quash.

[Doc. No. 12]

In response to the court's April 12, 2010 order, Plaintiff filed a Motion for Leave to Take Additional Discovery requesting the court allow Plaintiff to conduct discovery on IP addresses that Plaintiff had obtained since the filing of the complaint. [Doc. 13]  On April 19, 2010, the court denied Plaintiff's motion and stated:

> The Court finds that good cause does not exist to grant Plaintiff's motion for leave to take additional discovery until the individuals whose information is sought are added to the Complaint as defendants and identified by IP address in the same manner as the existing 83 John Doe Defendants. Requiring Plaintiff to amend its Complaint to add additional John Doe Defendants ensures that the subpoenas issued to ISPs will not be overly broad and creates at least a partial public record of the discovery process. Accordingly, Plaintiff's [13] Motion for Leave to Take Additional Discovery is DENIED. Plaintiff may amend its Complaint to add additional John Doe Defendants as permitted by Federal Rule of Civil Procedure 15. Once the Complaint is amended, Plaintiff may take discovery relating to additional defendants pursuant to the Court's January 21, 2010, Order, or seek a further leave to take additional discovery.

[Doc. No. 14]

On April 23, 2010, Plaintiff filed its First Amended Complaint, with its accompanying Exhibit A listing IP addresses for 195 Doe Defendants. [Doc. Nos. 16-17] The IP address for this John Doe Defendant is listed in the Exhibit A to Plaintiff's First Amended Complaint.[2]

Because the purported motion to quash does not provide good cause for quashing the subpoena, as John Doe's IP address does appear in the First Amended Complaint in accordance with the court's April 19, 2010 order, Plaintiff requests that the motion be denied in its entirety.

III. ARGUMENT

The sole justification of Defendant John Doe's purported motion to quash is that it exceeds the scope of the court's January 21, 2010 order granting discovery, as John Doe's IP address was not listed on the initial complaint in this case. More specifically, Defendant John Doe argues that "[t]he subpoena at issue for John Doe was issued March 29, 2010 under the Court's January 21 Order and thus is limited in its discovery to the 83 defendants listed in the original complaint. John Doe's information is outside the scope of that discovery." Motion at p. 2.

However, Defendant John Doe's analysis is fatally flawed in that he fails to acknowledge the court's April 19, 2010 order.[3] Therein, the court expressly stated that "[o]nce the Complaint

---

[2] John Doe acknowledges that "Plaintiff has since amended its complaint to add the IP address alleged to be John Doe's." Motion at p. 2. Further, in the information received from SBC/AT&T in response to the subpoena, Plaintiff has been able to identify this John Doe's IP address as 99.151.40.46, as that is the only IP address for which SBC/AT&T withheld information because a motion to quash had been filed. This IP address number is listed as "Doe 174" in Plaintiff's First Amended Complaint. [*See* Doc. Nos. 16-1, 17-1]

[3] Defendant John Doe obviously has access to the docket and previous filings in this case, as he specifically cites to the Jane Doe motion to quash that was granted by the court on April 12, 2010, as well as the complaint and First Amended Complaint. *See* Motion at pp. 1-2.

4

is amended, Plaintiff may take discovery relating to additional defendants pursuant to the Court's January 21, 2010, Order…." [Doc. No. 14] After the court's April 19, 2010 order, Plaintiff did just that – amended its complaint to include all the Doe Defendants it had IP addresses for, including this John Doe Defendant. Therefore, Defendant John Doe's argument that Plaintiff has somehow improperly issued a subpoena beyond the scope of this court's January 21, 2010 order is without merit, as the court expressly authorized Plaintiff to conduct discovery on additional Doe Defendants under the January 21, 2010 order.[4]

Further, the court's rationale stated in its April 19, 2010 order shows that Plaintiff's subpoena for Defendant John Doe is proper. The court stated that Plaintiff's addition of other Doe Defendants in an amended complaint would ensure the subpoenas to the ISPs were *not* overly broad.[5] Further, the court implied that once Plaintiff amended its complaint, good cause would exist to take discovery on Doe Defendants *in addition* to the 83 listed in the complaint.[6] Therefore, Defendant John Doe's motion to quash must be denied, as the court has clearly stated

---

Accordingly, it is reasonable to assume that Defendant John Doe has access to, and has seen, the court's April 19, 2010 order but has intentionally chosen to not reference it in his motion.

[4] It should make no difference that Plaintiff did not issue a new subpoena to SBC/AT&T after April 12, 2010, as Defendant John Doe suggests. *See* Motion at p.2. The court's April 12, 2010 order did not supersede the court's January 21, 2010 order or somehow invalidate all of Plaintiff's subpoenas, as Defendant John Doe's analysis would imply. Further, as stated herein, the court's April 19, 2010 order clarifies the court's position that Plaintiff would be entitled to conduct discovery on additional Doe Defendants once Plaintiff filed an amended complaint, which it did.

[5] "Requiring Plaintiff to amend its Complaint to add additional John Doe Defendants ensures that the subpoenas issued to ISPs will not be overly broad and creates at least a partial public record of the discovery process." [Doc. No. 14 at p. 2]

[6] "The Court finds that good cause does not exist to grant Plaintiff's motion for leave to take additional discovery *until* the individuals whose information is sought are added to the Complaint as defendants and identified by IP address in the same manner as the existing 83 John Doe Defendants." [Doc. No. 14 at p. 2 (emphasis added)]

5

that Plaintiff can conduct discovery on Doe Defendants in addition to the 83 originally listed in the complaint when those additional Doe Defendants are listed in Plaintiff's First Amended Complaint.

IV. CONCLUSION

Overall, Defendant John Doe has not demonstrated any good cause to quash the subpoena. On the other hand, Plaintiff has shown good cause for obtaining the information related to this John Doe Defendant and has complied with the Federal Rules of Civil Procedure and this court's prior order in its attempt to conduct discovery on those Doe Defendants it has learned of since the filing of the initial complaint.[7] Therefore, the court should deny Defendant John Doe's motion to quash and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

                              Respectfully submitted,
                              G2 PRODUCTIONS, LLC

DATED: May 25, 2010

                    By:    /s/ Nick Kurtz
                              Thomas M. Dunlap (D.C. Bar # 471319)
                              Nicholas A. Kurtz (D.C. Bar # 980091)
                              DUNLAP, GRUBB & WEAVER, PLLC
                              1200 G Street, NW Suite 800
                              Washington, DC 20005
                              Telephone: 202-316-8558
                              Facsimile: 202-318-0242
                              tdunlap@dglegal.com
                              nkurtz@dglegal.com
                              *Attorney for the Plaintiff*

---

[7] In fact, this court denied a motion to quash by a doe defendant in a case almost identical to this case, wherein the court held that the subpoena complied with the Federal Rules of Civil Procedure whether under a good cause standard or prima facie showing of copyright infringement. Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 7 (D.D.C. Apr. 28, 2008) (Kollar-Kotelly, J.).