UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| G2 PRODUCTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-195,<br><br>Defendants. | Civil Action No. 10-041 (CKK) |

**ORDER**
(June 4, 2010)

Before the Court is John Doe's [23] Motion to Quash Subpoena, which is opposed by Plaintiff G2 Productions, LLC.[1] John Doe's motion was received by mail by the Clerk of the Court on May 17, 2010, accompanied by a letter signed by the filer asking that the filer's identity be kept anonymous. The Court granted the filer ("John Doe") leave to file the motion, appear *pro se*, and proceed anonymously. On May 25, 2010, Plaintiff filed an opposition to John Doe's Motion to Quash.

The basis for John Doe's motion to quash is that the internet protocol ("IP) address associated with him and identified in the subpoena served by Plaintiff on SBC Internet Services, is not among the 83 IP addresses listed in the original complaint and is therefore outside the scope of permissible discovery. This is the same argument that was raised by Jane Doe in her motion to quash, which the Court granted on April 12, 2010. *See* Order (Apr. 12, 2010), Docket

---

[1] This is the second "John Doe" to enter an appearance for the purposes of moving to quash a subpoena issued by Plaintiff in this action. The Court denied the first John Doe's motion to quash on May 3, 2010. There was also a "Jane Doe" whose motion to quash was granted by the Court on April 12, 2010.

No. [12].  In that April 12, 2010, Order, the Court explained that it had only authorized Plaintiff to subpoena internet service providers (ISPs) for the identities of individuals associated with the 83 IP addresses that were specifically listed in the complaint.  In a subsequent Order, the Court denied Plaintiff's request for leave to take additional discovery, requiring Plaintiff to amend the complaint if it wants to add additional John Doe defendants to this action.  *See* Order (Apr. 19, 2010), Docket No. [14].  The Court explained that "[o]nce the Complaint is amended, Plaintiff may take discovery relating to additional defendants pursuant to the Court's January 21, 2010, Order, or seek further leave to take additional discovery."  *See id.* at 2.

On April 23, 2010, Plaintiff filed a [17] First Amended Complaint listing 112 additional John Doe defendants by their IP addresses, bringing the total number of John Doe defendants to 195.  In his Motion to Quash now pending before the Court, John Doe concedes that his IP address is among those listed in the amended complaint.  Nevertheless, he argues that Plaintiff should be required to serve a new subpoena now that the complaint has been amended in order to obtain his identity from his ISP.  The Court is not persuaded by John Doe's argument.  Because the Court has already ruled that Plaintiff may subpoena ISPs to ascertain the identities of the listed John Doe defendants (including this particular John Doe), quashing the subpoena merely because it was served prior to the filing of the amended complaint would be an exercise in pointless formalism.  Accordingly, John Doe has failed to show good cause why the subpoena should be quashed and his [23] Motion to Quash Subpoena is DENIED.

**SO ORDERED.**

Date:  June 4, 2010                                          /s/
                                                                      COLLEEN KOLLAR-KOTELLY
                                                                      United States District Judge